IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSE BARRIENTOS, §<br>#51137-279, §<br>PETITIONER, §<br>§<br>v. §<br>§<br>U.S. ATTORNEY GENERAL, §<br>RESPONDENT. § | CIVIL CASE NO. 3:24-CV-1858-E-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Jose Barrientos' *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**I. BACKGROUND**

Barrientos, a federal inmate at FCI Gilmer in Glenville, West Virginia, challenges the legality of his federal conviction and sentence, which this Court imposed in *United States v. Barrientos*, Case No. 3:20-CR-230-E (N.D. Tex. 2022). Doc. 3 at 1. Barrientos pleaded guilty to possession with the intent to distribute a controlled substance and was sentenced to 126 months imprisonment and a five-year term of supervised release. Crim. Doc. 200. On March 3, 2023, the United States Court of Appeals for the Fifth Circuit dismissed his direct appeal for failure to raise a nonfrivolous issue for appellate review. Crim. Doc. 246. On August 10, 2023, Barrientos filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255,

which is pending review. *Barrientos v. United States*, No. 3:23-cv-01787-E-BK (N.D. Tex.).

On May 28, 2024, Barrientos filed an unsuccessful 28 U.S.C. § 2241 habeas corpus petition in the Northern District of West Virginia, where he is confined, in which challenged the sentences issued by this Court. *Barrientos v. Watts*, No. 5:24-CV-100 (N.D.W.Va June 26, 2024). As relief, Barrientos sought to have his plea agreement honored and to be resentenced. That court, however, concluded that it lacked jurisdiction and dismissed his petition.

Undeterred, Barrientos now files a similar § 2241 petition in this Court raising other sentencing claims. His allegations are difficult to decipher and nonsensical. Barrientos mentions (1) *Booker*, (2) Amendment 741 and Rule 32, (3) "PIN claim abuse of authority and position," and (4) "McCoy Rule, wheeler doctrine [sic]" and *Strickland*. Doc. 3 at 5-6. He seeks release and "certainty and fairness[.]" Doc. 3 at 7-8. However, after evaluating the substance of his claims, the Court concludes they are not properly brought under § 2241 and his petition should be dismissed.

**II. ANALYSIS**

Prisoners seeking to challenge the validity of their conviction or sentence are required to file a motion to vacate sentence under 28 U.S.C. § 2255 in the district court of conviction. Section 2255 provides the primary means for "collaterally attacking a federal sentence" and is the appropriate remedy for "errors that occurred at or prior to the sentencing." *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (per curiam) (internal quotations and citations omitted). A habeas corpus petition under 28 U.S.C. § 2241, on the other hand, is the proper procedural vehicle for attacking "the manner in which a sentence is executed." *Id.* A § 2241 petition is not a substitute for a § 2255 motion, however. *Jeffers v. Chandler*, 253 F.3d 827, 830

(5th Cir. 2001) (per curiam). And a § 2241 petition that challenges errors that occurred at trial or sentencing must either be construed as a § 2255 motion or dismissed for lack of jurisdiction. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

A prisoner, however, "may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citations omitted). The Supreme Court recently stated that the savings clause is limited to "cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court[.]" *Jones v. Hendrix,* 599 U.S. 465, 478 (2023).

Barrientos does not invoke the savings clause. Even if he did, there is nothing in either the record or his § 2241 petition that indicates the existence of the requisite unusual circumstances. Moreover, because his § 2255 motion is pending in this Court, Barrientos cannot show that it is impossible or impracticable to present his claims in the sentencing court. Barrientos has thus failed to demonstrate that the remedy under § 2255 is inadequate or ineffective under the savings clause. *See Pack*, 218 F.3d at 451. Consequently, the Court lacks jurisdiction to consider Barrientos' § 2241 petition.

### III. CONCLUSION

Barrientos' petition for writ of habeas corpus under 28 U.S.C. § 2241 should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**SO RECOMMENDED** on August 30, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).